IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | 4:09-cr-00076 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| RICHARD LOWELL ROSENQUIST, | * | ORDER ON DEFENDANT'S MOTIONS |
| | * | TO DISMISS |
| Defendant. | * | |
| | * | |

Before the Court are three pro se Motions to Dismiss filed by Richard Rosenquist

("Defendant"). Defendant's Second and Third Motions to Dismiss were filed on July 24, 2009.[1]

Clerk's Nos. 32 and 33. Defendant's Fourth Motion to Dismiss was filed on July 28, 2009.

Clerk's No. 34. The Government filed three responses on July 29, 2009. Clerk's Nos. 36-38.

The Court does not believe a hearing is necessary and, thus, considers the matter fully submitted.

I.  BACKGROUND

On May 21, 2009, a grand jury returned a six count indictment charging Defendant with a

variety of tax crimes. Clerk's No. 2. Count One alleges Evasion of Payment: 1995-1999, in

violation of 26 U.S.C. § 7201. *Id.* Count Two alleges False Income Tax Return: 2002, in

violation of 26 U.S.C. § 7206(1). *Id.* Count Three alleges Failure to File: 2003, in violation of

26 U.S.C. § 7203. *Id.* Count Four alleges First False Return: 2004, in violation of 26 U.S.C. §

7206(1). *Id.* Count Five alleges Second False Return: 2004, in violation of 26 U.S.C. §

7206(1). *Id.* Finally, Count Six alleges False Return: 2005, in violation of 26 U.S.C. § 7206(1).

---

[1] The Court previously denied Defendant's First Motion to Dismiss on July 16, 2009.
Clerk's No. 30.

*Id.* All of these charges relate to Defendant's alleged attempt to evade paying taxes between 1995 and 2005. *Id.*

In his Second Motion to Dismiss, Defendant requests that "the grand jury indictment and this case be dismissed with prejudice" because "the defendant could not be charged civilly or criminally for tax years 1995 thru [sic] 2000 and this fact must have been included in the Introductory Allegations to correctly inform the grand jury of the true and real situation. This omission misleads [sic] the grand jury in finding probable cause." Def.'s Second Mot. at 2. In his Third Motion to Dismiss, Defendant alleges that "Count[s] 1 thru [sic] 6 are devoid of essential fact elements that must be in the grand jury indictment, except for a date in Count 1," thereby rendering the Indictment "totally illegal and void." Def.'s Third Mot. at 2-3. Defendant specifically takes issue with the "missing essential fact elements of time, place and circumstances, parties, situations, etc . . . ." *Id.* at 3. In his Fourth Motion to Dismiss, Defendant claims "Count 1 alleges certain affirmative acts that are not illegal by themselves, thus by including them in Count 1 results in illegal overcharging," which necessitates the Court striking down the Indictment. Def.'s Fourth Mot. at 1. The Government generally denies these allegations. *See* Clerk's Nos. 36-38. The Court will consider each of Defendant's Motions in turn.

## II.  ANALYSIS

### A.  *Second Motion to Dismiss*

The statute of limitations for tax evasion under 26 U.S.C. § 7201 is six years. 26 U.S.C. § 6531. When a defendant "commits acts of evasion *after* incurring a tax liability, the statute of limitations begins to run on the date of the last affirmative act of evasion." *United States v.*

*Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003) (emphasis added); *see also United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) ("Even if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion."); *United States v. Trownsell*, 367 F.2d 815, 816 (7th Cir. 1966) (same); *United States v. Barker*, Crim. No. 06-231, 2006 WL 3463421, at *1 (D. Minn., Nov. 30, 2006) ("However, an indictment alleging tax evasion is timely if at least one affirmative act of evasion occurred within the six-year time period.").  In this case, Defendant essentially asserts that the entire Indictment was defective because the Government failed to inform the grand jury that the statute of limitations had run on Count One, tax evasion from 1995 to 1999.  The Government denies Defendant's allegations, arguing that the Indictment is proper because it alleges Defendant committed affirmative acts of evasion after 2003 and, thus, within the six years of the Indictment, with respect to his tax liability between 1995 and 1999.  The Court concurs with the Government because the Court accepts as true the allegations contained in the Indictment for purposes of a motion to dismiss and because Count One clearly alleges affirmative acts of evasion "[b]eginning in or about September 2003 and continuing until the date of this Indictment."  *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952); Clerk's No. 2.  Accordingly, the Court DENIES Defendant's Second Motion to Dismiss because the six year statute of limitation has not fully run.

B.  *Third Motion to Dismiss*

As the Court stated in its original order:

The sufficiency of an indictment is a matter of law to be determined by the Court. *United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007) (quoting *United States v. Dolan*, 120 F.3d 856, 864 (8th Cir. 1997)).

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993) (citations omitted).  An indictment need not allege all the facts constituting an offense.  *Hance*, 501 F.3d at 906 ("Typically an indictment is not sufficient only if an essential element of the offense is omitted from it.") (quoting *United States v. Cuervo*, 354 F.3d 969, 985 (8th Cir. 2004)).

Clerk's No. 30 at 2.

Defendant challenges the sufficiency of all the Counts in the Indictment, claiming that the Indictment fails to set forth both all the essential elements of the crimes and the factual circumstances behind each of the charges.  Defendant specifically states missing factual elements for each of the Counts.  Def.'s Third Mot. at 1-2.  The Government responds by arguing that the Court has already made a sufficiency ruling on Count One and that the remaining Counts allege sufficient facts and elements.  The Court again concurs with the Government.  In its original Order, the Count found that Count One alleged all the essential elements of tax evasion.  Clerk's No. 30 at 2.  The Court sees no reason to revisit this ruling; Count One alleges every essential element of tax evasion and alleges sufficient facts in the twelve introductory allegations and the five enumerated affirmative acts contained in Count One.

The Court also finds Defendant's argument regarding the remaining Counts unpersuasive.  Counts Two, Four, Five, and Six allege that Defendant filed a false tax return, in violation of 21 U.S.C. § 7206(1).  "Section 7206(1) . . . is violated when one 'willfully makes and subscribes any return,' under penalties of perjury, 'which he does not believe to be true and correct as to every material matter.'"  *United States v. Bishop*, 412 U.S. 346, 350 (1973) (quoting

21 U.S.C. § 7206(1)).  After reviewing each of the Counts, the Court finds that each Count alleges not only all the essential elements of the offense, but also sufficient facts, including the exact line numbers of the allegedly erroneous statements on the respective tax returns.  Clerk's No. 2.  The Court rejects Defendant's only specific objection to each of these Counts, namely that each Count failed to identify "the income tax liability" for the respective year, because that is not an essential element of the offense.

The Court likewise rejects Defendant's challenge to Count Three, failure to file a tax return.  Failure to file a tax return has three essential elements, which are:  (1) the defendant was required to file a federal income tax return for a specified year; (2) the defendant knew he was required to file a return; and (3) the defendant willfully failed to file the return at the time required by law.  26 U.S.C. § 7203; *Sansone v. United States*, 380 U.S. 343, 351 (1965).  After reviewing Count Three, the Court finds that the Indictment alleges all the elements of the offense and provides sufficient factual allegations, including Defendant's approximate W-2 wage income that trips the statutory duty to file.  Clerk's No. 2.  The Court again rejects Defendant's specific contention that Count Three needed to state his tax liability for 2003 because the Government is not required to prove this fact.  Accordingly, the Court DENIES Defendant's Third Motion to Dismiss.

C.  *Fourth Motion to Dismiss*

The Government must prove an affirmative act of evasion or attempted evasion of tax in order to obtain a conviction for tax evasion under 26 U.S.C. § 7201.  *United States v. Barker*, 556 F.3d 682, 687 (8th Cir. 2009) (internal quotations and citations omitted).  An affirmative act of evasion does not have to be illegal itself because § 7201 proscribes any "attempts *in any*

*manner* to evade or defeat any tax imposed . . . or the payment thereof." (emphasis added);

*United States v. Brooks*, 174 F.3d 950, 956 (8th Cir. 1999) (rejecting a defendant's argument that

"the evasive acts charged in the indictment were innocuous on their face and could not support a

§ 7201 violation"). Thus:

> By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries of alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal.

*Spies v. United States*, 317 U.S. 492, 499 (1943); *see also United States v. McGill*, 964 F.2d 222,

230 (3d Cir. 1992) ("Affirmative acts of evasion of *payment* include: placing assets in the name

of others; dealing in currency; causing receipts to be paid through and in the name of others; and

causing debts to be paid through and in the name of others.").

Defendant argues that Count One of the Indictment "alleges certain affirmative acts that

are not illegal themselves," thereby creating "illegal overcharging." Def.'s Fourth Mot. at 1.

Defendant takes issue with all the alleged affirmative acts charged in Count One, which are:

> (A) the concealment and attempted concealment from the Internal Revenue Service of the nature, extent, and location of defendant's assets;
>
> (B) the placement of funds and property in the names of nominees and third parties, and otherwise attempting to cloud title of real property, including for the purpose of attempting to place such funds and property beyond the reach of process;
>
> (C) the attempted interference with the lawful collection efforts of the Internal Revenue Service, including through attempts to interfere with levies and garnishments and through attempts to interfere with the auction of defendant's residence in Linden, Iowa, on or about June 14, 2007;
>
> (D) the filing of multiple petitions for bankruptcy in the United States Bankruptcy Court for the Southern District of Iowa, for the purpose of delaying collection activity by the Internal Revenue Service and the judicial proceedings seeking authorization to auction

the residence on Beaumont Avenue; and

(E) the submission to the Internal Revenue Service of various documents, such as documents purporting to be income tax returns, for the purpose of causing further delay and hindrance to its lawful collection efforts.

Clerk's No. 2.  The Government resists Defendant's contention by arguing that the affirmative acts do not have to be illegal in and of themselves, and the Court agrees with the Government. The statute proscribes all actions designed to evade or defeat the imposition or payment of lawfully assessed taxes, even those actions which would otherwise be lawful.  *See* 26 U.S.C. § 7201; *see also Brooks*, 174 F.3d at 956.  Accordingly, the Court DENIES Defendant's Fourth Motion to Dismiss.

## III.  CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's Second, Third, and Fourth Motion to Dismiss (Clerk's Nos. 32-34).

IT IS SO ORDERED.

Dated this _7th_ day of August, 2009.

ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT