# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:09-cr-00076 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| RICHARD ROSENQUIST, | * | FINAL JURY |
| | * | INSTRUCTIONS |
| Defendant. | * | |
| | * | |

## TABLE OF CONTENTS

1.   Introduction
2.   Duty of the Jury
3.   Evidence
4.   Direct & Circumstantial Evidence
5.   Credibility of Witnesses
6.   Indictment
7.   Definition of "on or about"
8.   Elements of the Offense: Evasion of Payment
9.   Elements of the Offense: Filing a False Return
10.  Elements of the Offense: Failure to File a Return
11.  Definition: Willfulness
12.  Proof of a Tax Due and Owing
13.  Good Faith
14.  Prior Similar Acts
15.  Proof of Intent or Knowledge
16.  Reasonable Doubt
17.  Credibility – Impeachment of Witnesses
18.  Expert Witnesses

19.    Summaries and Charts
20.    Election of a Foreperson/Duty to Deliberate

MEMBERS OF THE JURY, THE COURT NOW GIVES YOU THE
FOLLOWING INSTRUCTIONS:

INSTRUCTION NO. 1

INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because <u>all</u> are important.  This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, ***all*** instructions, whenever given and whether in writing or not, must be followed.

## INSTRUCTION NO. 2

## DUTY OF JURY

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 3

EVIDENCE

I have mentioned the word "evidence."  The "evidence" in this case

consists of the testimony of witnesses, the documents and other things

received as exhibits, the facts that have been stipulated–that is, formally

agreed to by the parties, and the facts that have been judicially noticed–that is,

facts which I say you may, but are not required, to accept as true, even without

evidence.

You may use reason and common sense to draw deductions or

conclusions from facts which have been established by the evidence in the

case.  You are the sole judges of the evidence received in this case.  If any

reference by the Court or by counsel to an item of evidence does not coincide

with your own recollection of that evidence, it is your recollection which

should control during deliberations, and not the statements of the Court or

counsel.

Certain things are not evidence.  I shall list those things for you now:

1) Statements, arguments, questions and comments by lawyers or by

Defendant Rosenquist, except when he was testifying under oath, in the

case are not evidence.

2) Objections are not evidence.  The parties have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3) Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4) Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

INSTRUCTION NO. 4

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which a jury may properly find a defendant guilty of an offense.  One is direct evidence – such as the testimony of an eyewitness.  The other is circumstantial evidence – the proof of a chain of circumstances pointing to the commission of the offense.

The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.  The law simply requires that, before convicting a defendant, the jury be satisfied of a defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

INSTRUCTION NO. 5

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should evaluate the testimony of the Defendant in the same manner

as you evaluate the testimony of any other witness.

INSTRUCTION NO. 6

INDICTMENT

The Indictment in this case charges the Defendant, Richard Rosenquist, with committing six crimes.

The Indictment charges in Count One that, beginning in or about September 2003 and continuing until May 21, 2009, in the Southern District of Iowa, the Defendant, Richard Rosenquist, a resident of Dallas County, Iowa, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar years 1995-1999 by the following affirmative acts, amongst others:

1.  The concealment and attempted concealment from the Internal Revenue Service ("IRS") of the nature, extent, and location of Defendant's assets;

2.  The placement of funds and property in the names of nominees and third parties, and otherwise attempting to cloud title of real property, including for the purpose of attempting to place such funds and property beyond the reach of process;

3.  The attempted interference with the lawful collection efforts of the

IRS, including through attempts to interfere with levies and garnishments and through attempts to interfere with the auction of the Defendant's residence in Linden, Iowa, on or about June 14, 2007;

4.   The filing of multiple petitions for bankruptcy in the United States Bankruptcy Court for the Southern District of Iowa, for the purpose of delaying collection activity by the IRS and the judicial proceedings seeking authorization to auction the residence on Beaumont Avenue; and

5.   The submission to the IRS of various documents, such as documents purporting to be income tax returns, for the purpose of causing further delay and hindrance to its lawful collection efforts,

all in violation of 26 U.S.C. § 7201.

The Indictment charges in Count Two that, on or about February 4, 2008, in the Southern District of Iowa and elsewhere, the Defendant, Richard Rosenquist, who was a resident of Dallas County, Iowa, did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the calendar year 2002, which was verified by a written declaration that it was

made under the penalties of perjury and was filed with the IRS, and which the

Defendant did not believe to be true and correct as to every material matter, in

that said return reported "wages, salaries, tips, etc." on Line 7 in the amount of

$114,000, and "adjusted gross income" in the amount of $114,000 on Line 35,

when in fact, as Defendant then and there well knew and believed, the true and

correct amount of Defendant's "wages salaries, tips, etc." and "adjusted gross

income" for the calendar year 2002 exceeded $114,000, in violation of 26

U.S.C. § 7206(1).

The Indictment charges in Count Three that during the calendar year

2003, the Defendant, Richard Rosenquist, who was a resident of Dallas

County, Iowa, which is within the Southern District of Iowa, had and received

gross income in such an amount that the Defendant was required by law,

following the close of the calendar year, and on or before April 15, 2004, to

make an income tax return to the person assigned to receive returns at the

local office of the IRS at Des Moines, Iowa, in the Southern District of Iowa,

or to the Director, IRS Center, at Kansas City, Missouri, or other proper

officer of the Unites States, stating specifically the items of the Defendant's

gross income (including W-2 wage income of approximately $136,633.37

from Total Administrative Services Corporation) and any deductions and credits to which the Defendant was entitled; and that well-knowing and believing all of the foregoing, the Defendant, Richard Rosenquist, did willfully fail to make and file such income tax return to said person assigned to receive returns at the local office of the IRS, to said Director of the IRS Center, or to any other proper officer of the United States, in violation of 26 U.S.C. § 7203.

The Indictment charges in Count Four that, on or about March 18, 2005, in the Southern District of Iowa and elsewhere, the Defendant, Richard Rosenquist, who was a resident of Dallas County, Iowa, did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the calendar year 2004, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the IRS, and which the Defendant did not believe to be true and correct as to every material matter, in that Line 63 of said return reported "Federal income tax withheld from Forms W-2 and 1099" in the amount of $36,945, and in that the Defendant further claimed on Line 72(a) that he was due a refund; when in fact, as the Defendant then and there well knew and believed, the Defendant did not have

"Federal income tax withheld from Forms W-2 and 1099" in the amount of $36,945 during the calendar year 2004 and was not due a refund, in violation of 26 U.S.C. § 7206(1).

The Indictment charges in Count Five that, on or about February 6, 2006, in the Southern District of Iowa and elsewhere, the Defendant, Richard Rosenquist, who was a resident of Dallas County, Iowa, did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the calendar year 2004, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the IRS, and which the Defendant did not believe to be true and correct as to every material matter, in that said return reported "wages, salaries, tips, etc." on Line 7 in the amount of "-0-" and "total income" on Line 22 in the amount of "-0-," and in that the Defendant further claimed on Line 72(a) that he was due a refund, when in fact, as the Defendant then and there well knew and believed, the true and correct amount of the Defendant's "wages, salaries, tips, etc." and "total income" for the calendar year 2004 exceeded "-0-" (including W-2 wage income from Total Administrative Services Corporation in the amount of approximately $109,633.05), and in that the Defendant was not due a refund,

in violation of 26 U.S.C. § 7206(1).

The Indictment charges in Count Six that, on or about March 31, 2006, in the Southern District of Iowa and elsewhere, the Defendant, Richard Rosenquist, who was a resident of Dallas County, Iowa, did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the calendar year 2005, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the IRS, and which the Defendant did not believe to be true and correct as to every material matter, in that Line 65 reported "Federal income tax withheld from Forms W-2 and 1099" in the amount of $9,937, and the Defendant further claimed on Line 73a that he was due a refund; when in fact, as the Defendant then and there well knew and believed, the Defendant did not have "Federal income tax withheld from Forms W-2 and 1099" in the amount of $9,937 during the calendar year 2005 and was not due a refund, in violation of 26 U.S.C. § 7206(1).

The Defendant has pleaded not guilty to the charges against him.  Keep in mind that you must give separate consideration to the evidence about each charge against the Defendant.  You must consider each charged Count separately against the Defendant, and return a separate verdict for each Count.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the Defendant is presumed to be innocent. Thus, the Defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the Defendant not guilty, and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crimes charged against the Defendant. There is no burden upon a Defendant to prove that he is innocent. The burden is always on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. 7

DEFINITION OF "ON OR ABOUT"

The Indictment charges that the offenses were committed "on or about" a certain date.  Although it is necessary for the Government to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates charged.

INSTRUCTION NO. 8

ELEMENTS OF THE OFFENSE: EVASION OF PAYMENT

The crime of Evasion of Payment, as charged in Count One of the Indictment, has three essential elements, which are:

1.   That the Defendant owed a substantial income tax to the IRS for the calendar years 1995-1999;

2.   The Defendant committed at least one affirmative act in an attempt to evade and defeat payment of that tax; and

3.   The Defendant acted willfully.

To "attempt to evade or defeat" a tax involves two things:  first, an intent to evade or defeat the tax; and second, some act willfully done in furtherance of such intent.  So, the word "attempt" contemplates that the defendant knew and understood that he owed some amount of income tax to the United States, which he was required by law to pay; but that he, nevertheless, attempted to evade or defeat payment of all, or a substantial portion, of that tax in some way or manner.  The Government is not required, however, to establish the precise amount of tax at issue, nor is the Government required to prove that the attempt to evade was successful.

To "evade and defeat" a tax means to escape paying a tax by means other than lawful avoidance. The statute makes it a crime to willfully attempt, in any way or manner, to evade or defeat any income tax imposed by law.

If you unanimously find that the Government has proven all of these essential elements beyond a reasonable doubt, then you must find the Defendant guilty on Count One. If the Government has failed to prove one or more of the elements beyond a reasonable doubt, then you must find the Defendant not guilty on Count One.

INSTRUCTION NO. 9

ELEMENTS OF THE OFFENSE: FILING A FALSE TAX RETURN

The crime of Filing a False Tax Return, as charged in Counts Two, Four, Five and Six of the Indictment, has five essential elements, which are:

1.    On or about the relevant date, the Defendant made and signed an individual income tax return, Form 1040, or other document, that was false as to one or more material matters;

2.    The return or document contained a written declaration that it was signed under the penalties of perjury;

3.    The Defendant did not believe the return or document to be true and correct as to at least one material matter;

4.    The Defendant acted willfully; and

5.    The false matter was material, that is, the matter was capable of influencing the IRS.

The Government is not required to prove that the defendant owed an additional tax for the years in issue.  Whether the Government has or has not suffered a monetary loss as a result of the alleged return is not an element of this offense.  Likewise, it is not required that the false matter actually did influence the Internal Revenue Service.

The fact that an individual's name is signed to a return means that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it.  If you find proof beyond a reasonable doubt that the Defendant has signed his tax return, that is evidence from which you may, but are not required to, find or infer that the Defendant had knowledge of the contents of the return.

If you unanimously find that the Government has proven all five of these essential elements beyond a reasonable doubt with respect to the count that you are considering, then you must find the Defendant guilty of the crime charged in that particular count.  If the Government has failed to prove one or more of the elements beyond a reasonable doubt with respect to the count that you are considering, then you must find the Defendant not guilty of the crime charged in that particular count.

INSTRUCTION NO. 10

ELEMENTS OF THE OFFENSE: FAILURE TO FILE A RETURN

The crime of Failure to File a Tax Return, as charged in Count Three of the Indictment, has three essential elements, which are:

1.      That the Defendant was required to file a federal income tax return for the calendar year 2003;

2.      The Defendant knew that he was required to file such a tax return; and

3.      The Defendant willfully failed to file the required tax return on or before April 15, 2004.

A married individual under the age of 65 was required to file a federal income tax return for the year 2003, if he had a separate gross income in excess of $3,050 or a total gross income, when combined with that of his spouse, in excess of $15,600 (married filing joint).  A single person under the age of 65 was required to file if his gross income exceeded $8,950.

Gross income includes the following:  compensation for services, including fees, commissions and similar items, gross income derived from business, gains derived from dealings in property, interest, rents, royalties,

dividends, annuities, income from life insurance and endowment contracts, pensions, distributive share of partnership gross income, and income from an interest in an estate or trust.

The fact that a person may be entitled to deductions from income in sufficient amount such that no tax is due does not affect that person's obligation to file.

The Government is not required to show that a tax was due and owing or that the Defendant intended to evade or defeat the payment of taxes, only that he willfully failed to file a return.

If you unanimously find beyond a reasonable doubt that the Defendant had the required gross income in 2003, then the Defendant was required to file a tax return on or before April 15, 2004.

If you unanimously find that the Government has proven all of these essential elements beyond a reasonable doubt, then you must find the Defendant guilty on Count Three.  If the Government has failed to prove one or more of the elements beyond a reasonable doubt, then you must find the Defendant not guilty on Count Three.

INSTRUCTION NO. 11

DEFINITION: WILLFULNESS

In order to find the Defendant guilty of any of the offenses charged in the Indictment, you must find that the Defendant acted "willfully" with respect to the particular count you are considering; conversely, if the Government does not establish beyond a reasonable doubt that the Defendant acted "willfully," you must find the Defendant not guilty with respect to that particular count. You may consider all of the evidence in this case, including both direct and circumstantial evidence to determine whether the Defendant acted "willfully."

The term "willfully" means the voluntary, intentional violation of a known legal duty. In other words, to find the Defendant guilty of a particular count, you must find that the Government has proven that the law imposed a duty on the Defendant, that the Defendant knew of this duty, and that he deliberately and intentionally violated that duty.

A person does not act willfully if he acts (or fails to act) by reason of a bona fide misunderstanding of the requirements of the law, or because of mistake or even negligence.

INSTRUCTION NO. 12

PROOF OF A TAX DUE AND OWING

One of the issues in Count One is whether the defendant had a "tax due and owing" for the calendar years 1995-1999. This is sometimes referred to as a "tax deficiency." Legally, a tax deficiency arises automatically on the date that a tax return is due to be filed, whether or not a return is actually filed. Additionally, when a tax return is not filed, the IRS is not required to make a formal "assessment" for a tax deficiency to arise.

If you find that the Government has proved beyond a reasonable doubt that a final tax assessment was made against the Defendant for the calendar years 1995-1999, and if no other evidence has been presented regarding the Defendant's tax due and owing for the calendar years 1995-1999, you may rely on the final assessment as proof of the first element under Count 1.

If other evidence has been presented, however, then you must consider all of the evidence presented at trial in determining whether this element has been established beyond a reasonable doubt. The Government is not required, however, to prove the precise amount of tax due and owning, but only that some amount of tax was owing during the time period alleged under Count 1

of the Indictment and that the Defendant attempted to evade all or a

substantial portion of that tax.

## INSTRUCTION NO. 13

## GOOD FAITH

One of the issues in this case is whether the Defendant acted in good faith.  Good faith is a complete defense to each of the Counts in the Indictment if it is inconsistent with willfulness, which is an element of each of these charges.

Thus, if a person in good faith believes that an income tax return prepared and signed by him truthfully reports the taxable income, allowable deductions, and proper withholding of the taxpayer under the internal revenue laws for the calendar year in question, that person cannot be guilty of willfully filing a false or fraudulent return.  Likewise, if a person in good faith believes that he is not required to file an income tax return or pay an income tax obligation, then that person cannot be guilty of willfully failing to file a return or pay a tax.

It is for you to decide whether the Defendant acted in good faith – that is, whether he sincerely misunderstood the requirements of the law – or whether the Defendant knew that he was required to file a return, pay a tax obligation, or otherwise comply with the tax laws and did not do so.

Mere disagreement with the law in and of itself does not constitute good faith misunderstanding of the requirements of the law, because it is the duty of all persons to obey the law whether or not they agree with it.  Moreover, a person's belief that the tax laws violate his constitutional rights does not constitute a good faith misunderstanding of the law.

Evidence that the Defendant acted in good faith may be considered by you, together with all of the evidence, in determining whether or not he acted willfully in connection with the count of the Indictment under consideration. You must consider each count of the Indictment separately.

INSTRUCTION NO. 14

PRIOR SIMILAR ACTS

You have heard evidence regarding the Defendant's compliance with his tax obligations with respect to the State of Iowa and the State of Minnesota, as well as his prior conviction.  You may consider this evidence only for the purpose of determining whether the Defendant acted willfully or in good faith with respect to the counts charged in the Indictment, and not for any other purpose.  You should give this evidence the weight and value you believe it is entitled to receive for this purpose.

Remember, even if you find that the Defendant failed to comply with his state tax obligations, this is not evidence that he committed the crimes relating to his federal income taxes as charged in the Indictment.  The Defendant is only on trial for the crimes charged, and you may consider the evidence relating to his compliance with Iowa and Minnesota tax obligations and his prior conviction only for the purpose of determining whether the Defendant acted willfully or in good faith.

INSTRUCTION NO. 15

PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the Defendant, and all the facts and circumstances in evidence which may aid in a determination of the Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 16

REASONABLE DOUBT

The prosecution must prove each and every essential element of an offense "beyond a reasonable doubt" for you to find the Defendant guilty of that offense. If the prosecution fails to prove any essential element of the offense beyond a reasonable doubt, then you must find the Defendant not guilty of the offense.

A reasonable doubt may arise from the evidence produced by either the prosecution or the defense, keeping in mind that a defendant never has the burden or duty of calling any witnesses or producing any evidence. A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. 17

CREDIBILITY – IMPEACHMENT OF WITNESSES

A witness may be discredited or impeached by contradictory evidence; by a showing that the witness testified falsely concerning a material matter; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's testimony.  If earlier statements of a witness were admitted into evidence, they were not admitted to prove that the contents of those statements were true. Instead, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness, and therefore, whether they affect the credibility of that witness.

If you believe that any witnesses in this case have been impeached, and thus discredited, it is your right to give the testimony of those witnesses such weight, if any, as you think it deserves.

## INSTRUCTION NO. 18

## EXPERT WITNESSES

You have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. 19

SUMMARIES AND CHARTS

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case.  Those charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

## INSTRUCTION NO. 20

## ELECTION OF A FOREPERSON/DUTY TO DELIBERATE

In conducting your deliberations and returning your verdicts, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict–whether guilty or not guilty–must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the Defendant is found guilty, the sentence to be imposed is my

responsibility.  You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt as to the Defendant on each Count.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone–including me–how your votes stand numerically.

*Fifth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict on each Count, whether guilty or not guilty, must be unanimous.  Nothing I have said or done is intended to suggest what your verdicts should be–that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notice of the decisions that you reach in this case.  You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise the court security officer that you are ready to return to the courtroom.

Dated this _17th_ day of September, 2009.

ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT