RECEIVED
2009 DEC 21 AM 9: 11
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v | § | CRIMINAL NO. 4:09-CR-076 |
| | § | |
| RICHARD LOWELL ROSENQUIST, | § | |
| | § | |
| Defendant. | § | |

## SIXTH MOTION TO DISMISS UNDER FRCrimP – RULE 12 (b) (3) (B)

NOW COMES Richard Lowell Rosenquist, purported Defendant, to file this Fifth Motion to Dismiss Under FRCrimP – Rule 12 (b) (3) (B) and would show the Court the following, to wit:

The criminal offenses as charged in Counts 1 thru 6 each has six (6) statutory essential legal elements being Title 26 U.S.C. § 7201 or Title 26 U.S.C. § 7203 or Title 26 U.S.C. § 7206 (1) and Title 26 U.S.C. §§ 1, 3, 61, 63 and 64. Section 7201, 7203 or 7206 (1) alone does not fully define the offense. All six (6) sections 7201 or 7203 or 7206 (1) and 1, 3, 61, 63 and 64 must be referred to in the grand jury indictment and they must be considered together before a complete definition of the criminal offense can be found. It is impossible to determine the meaning or intended effect of any one of these sections without reference to the others. United States v. Menk, 260 F.Supp. 784.

A missing statutory essential missing element requires automatic reversal and dismissal. Title 26 U.S.C. §§ 1, 3, 61, 63 and 64 are statutory essential elements in Count 1 thru 6. U.S. v. Romero, 640 F.2d 1014; Coleman v. C.I.R., 791 F.2d 68. A missing or incorrect essential element not listed in a grand jury indictment makes the indictment null and void that does not

1

give the Honorable District Court jurisdiction. Stirone v. U.S., 361 U.S. 212 at 218. An indictment must contain all of the elements of the offense. Stirone v. U.S., supra. To be sufficient, an indictment must alleged all material elements of the offense; if it does not, it fails to charge that offense. U.S. v. Cabrero-Teran, 168 F.3d 141 (5th Cir. 1999). To guarantee the right to be tried only after indictment, the Grand Jury must consider and find evidence supporting all of the crime's elements. U.S.v. Cabrera-Teran, supra. In Honea v. United States, 344 F. 2d 798, 803-04 (1965)..."It is elementary that an indictment must set forth the elements of the offense to be charged, and if it does not a conviction based thereon cannot stand." Walker v. United States, 342 F.2d 22. Only in this way is any assurance furnished that the grand jury found probable cause to believe the defendant in fact committed acts constituting the offense in question. The failure of indictment to allege all elements of the offense may not be cured by evidence or instructions at trial, nor by a bill of particulars, and indictment may not be actually or constructively amended by adding material allegations to the offense charged or of another offense.

Title 26 U.S.C. involves numerous types of taxes, i.e., employment, alcohol, tobacco, gift, estate, excise, gaming, income, etc... The statutory sections are required to determine precisely the type and amount of tax of the criminal offense charged in the grand jury indictment. **IRC § 7201 and § 7203** were used in Ingram v. United States, 360 U.S. 672, in violations of §4401, §4411, and §4421 wagering tax provisions. Ref.. Footnote #1. The court declared: "Liability for the federal tax is imposed by §4401 and §4411 of the IRC..." id 675. The "known legal duty" was within Chapter 35; it was not in Chapter 75. **IRC §§ 7201, 7203, and 7206** were also utilized in prosecutions of wagering tax violations by; U.S. v. Merlo, 704 F2d 331 (6th. Cir. 1983); U.S. v. Sheer, 278 F2d 67; Burks v. U.S., 287 F2d 117; U.S. v. Shaffer, 291 F2d 689;

2

U.S. v. Minker, 312 F2d 632; Bohn v. U.S., 260 F2d 773; U.S. v. Claney, 276 F.2d 617; U.S. v. Stoffey, 279 F.2d 924; Application of Leahy, 298 F.2d 233; George v. U.S., 346 F.2d 137; Tyler v. U.S., 397 f.2d 565; U.S. v. Stavros, 597 F.2d 108; Edwards v. U.S., 321 F.2d 324; U.S. v. Sams, 340 F.2d 1014; Scaglione v. U.S., 396 F.2d 219; U.S. v. Magliano, 336 F.2d 817; Rutherford v. U.S., 264 F.2d 180; U.S. v Gaydos, 310 F.2d 883; U.S. v. Sette, 334 F.2d 267; U.S. v. Simon, 241 F.2d 308; Clay v. U.S., 246 F.2d 298; Merritt v. U.S., 248 F.2d 19; Field v. U.S., 263 758; Barnhill v. U.S., 279 F.2d 105; Rosen v. U.S., 293; U.S. v. Woodson, 303 F.2d 49; U.S. v. Nicholson, 303 F.2d 330; U.S. v. Brooks, 303 F.2d 851; U.S. v. Marchointe, 309 F.2d 435; U.S. v. Whiting, 311 F.2d 191; U.S. v. Viale, 312 F.2d 595; U.S. v. Grossman, 315 F.2d 94; U.S. v. LaHaye, 548 F.2d 474; U.S. v. McGee, 572 F.2d 1097; U.S. v Snyder, 549 F.2d 171; U.S. v. Dumaine, 493 F.2d 1257; Townsend v. U.S., 253 F.2d 461; U.S. v. Kessler, 449 F.2d 1315; U.S. v. Haimowitx, 404 F.2d 38; U.S. v. Willoz, 449 F.2d 1321; U.S. v. Salerno, 330 F.Supp. 1401; U.S. v. Wilson, 214 F.Supp. 629; U.S. v. DiPrimio, 209 F.Supp. 137; U.S. v. Nicholas, 224 F.Supp. 310. **IRC §7201, §7202, §7203, §7204 or §7210** were applied in violations of corporate/employment tax requirements in: Ivan Allen Co. v. U.S., 422 U.S. 617 (1975) [IRC §7201 could be applied to IRC §531-537, footnote 11]; Gundlach v. U.S., 262 F.2d 72; U.S. v. Mollet, 290 F.2d 273; U.S. v. Stevedores, 310 F.2d 47; Botta v. Scanlon, 314 F.2d 392; Ryan v. U.S., 314 F.2d 306; U.S. v. Becker, 259 F.2d 869; U.S. v. Rothbart, 723 F.2d 752; Huges v. U.S., 899 F.2d 1495 (6th. Cir. 1990); U.S. v. Gonzales, 58F.3d 506, (10th. Cir.1995); U.S. v. Neal, 93 F.3d 219 (6th. Cir. 1996); U..S. v. Mounkes, 204 F.3d 1024 (10th. Cir. 2000) U.S. v. Farr, 536 F.3d 1174 (10th. Cir. 2008). **IRC §7201, §7203 or §7206** were utilized in prosecutions for liquor law violations in: Wilson v. U.S., 320 F.2d 493; U.S. v. Cook, 412 F.2d 293; U.S. v. One Ford, 304 F.2d 419; U.S. v. Champion, 387 F.2d 561; Benefield v. U.S., 370

F.2d 912; U.S. v. Davis, 369 F.2d 775; U.S. v. Goss, 353 F.2d 671; Hyche v. U.S., 286 F.2d 248; Ingram v. U.S., 241 F.2d 708; Dowling v. U.S., 249 F.2d 746; Brown v. U.S., 253 F.2d 587; West v. U.S., 259 F.2d 868; O'Neal v. U.S., 273 F.2d 549; Tucker v. U.S., 279 F.2d 62; King v. U.S., 282 F.2d 398; Monnette v. U.S., 299 F.2d 847; Blumenfield v. U.S., 306 F.2d 892; U.S. v. Denton, 307 F.2d 336; U.S. v. One Pontiac, 308 F.2d 893; U.S. v. Lemons, 309 F.2d 168; U.S. v. Ivey, 310 F.2d 229; Davis v. U.S., 385 f.2d 919; U.S. v. Rector, 488 F.2d 1079. IRC §7201 and §7206 were applied in U.S. v. Pesaturo, 476 F.3d 60, (1st Cir. 2007), U.S. v. Wisenbaker, 14 F.3d 1022 (5th. Cir. 1994), and U.S. v. Townsend, 31 F.3d 262 (5th. Cir. 1994) for violationg sections 4041 and 4081 for excise taxes on petroleum products. **IRC §7201 and §7202** were used for admission tax violations in U.S. v. Nigro, 262 F.2d 783, and U.S. v. H.J.K. Theatre, 236 F.2d 502. **IRC §7201 and §7202** were used in Reynolds v. U.S., 288 F.2d 78 (1961) in connection with the selling of bolita tickets.

THEREFORE, IT IS Prayed that the grand jury indictment and this case be dismissed with prejudice.

Respectfully submitted this 21st day of December, 2009.

Richard Lowell Rosenquist - Pro se
45045 Beaumont Avenue
Linden, Iowa 50146
(641) 757-9296

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the foregoing Sixth Motion to Dismiss Under FRCrimP – Rule 12 (b) (3) (B) was mailed to the government's attorney on the 21st day of December, 2009.

*Richard Lowell Rosenquist*
Richard Lowell Rosenquist

Andrew H. Kahl
United States Attorney
110 E. Court Ave., Suite 286
Des Moines, Iowa 50309